IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| THE COLUMBINE GROUP, LLC, ) | Case No. 10-20133 |
| ) | CHAPTER 11 |
| Debtor. ) | |

FILED
3:14 pm, 6/23/10
Tim J. Ellis
Clerk of Court

**ORDER DENYING PINNACLE BANK'S MOTION TO DISMISS**

On May 26, 2010, this matter came before the Court for a telephonic hearing on Pinnacle Bank's Motion to Dismiss Case and the Debtor's Objection. Pinnacle Bank was represented by Timothy Stubson. The Columbine Group, LLC ("Debtor") was represented by Stephen Winship. The Court reviewed the file and arguments of the parties and is prepared to rule. Based upon the following, the Court denies Pinnacle Bank's motion to dismiss.

On May 19, 2010, the parties filed a Joint Motion to Convert the Hearing to Non-Evidentiary Hearing, stipulating to the admission of the Articles of Organization of The Columbine Group, LLC and its Operating Agreement. The parties agreed that the "arguments of the parties regarding the pending dismissal motion are legal arguments, and with the admission of these exhibits, there is no need for any further documentary evidence or supporting oral testimony."

This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This motion was brought pursuant to 11 U.S.C. §1112(b)(1).

**Facts:**

The Debtor is a flexible limited liability company organized under the laws of the State of Wyoming. The Debtor filed its Chapter 11 bankruptcy petition on February 16, 2010. The Debtor's sole member is Samuel Tilden ('Tilden"). Mr. Tilden filed for bankruptcy protection on February 23, 2010.

The Articles of Organization of The Columbine Group, LLC were executed on June 2, 1999 by Samuel J. Tilden, Member and Manager. The Debtor's Operating Agreement was executed on June 3, 1999, also by Tilden.

**Discussion:**

The court shall convert or dismiss a case, whichever is in the best interest of creditors and the estate, if the movant establishes cause, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors and the estate.[1]

Pinnacle Bank asserts that cause exists as there is not a reasonable likelihood of Debtor's rehabilitation because at the time Tilden, the Debtor's sole member, filed his individual bankruptcy case, the Debtor dissolved under Wyoming law.

The relevant Wyoming Statutes state:

> "A limited liability company organized under this chapter shall be dissolved upon the occurrence of any of the following events...
> (iii) Upon the death, retirement, resignation, expulsion, bankruptcy or dissolution of a member or occurrence of any other event which terminates

---

[1] 11 U.S.C. §1112(b)(1).

Page 2

the continued membership of the member in the limited liability company, unless the business of the limited liability company is continued by the consent of all the remaining members under a right to do so stated in the articles of organization of the limited liability company."[2]

"The articles of organization shall set forth...
(viii) The right, if given, of the remaining members of the limited liability company to continue the business on the death, retirement, resignation, expulsion, bankruptcy or dissolution of a member or occurrence of any other event which terminates the continued membership of a member in the limited liability company...
(xi) Any other provision, not inconsistent with law, which the members elect to set out in the articles of organization for the regulation of the internal affairs of the limited liability company, including any provision which under this act are required or permitted to be set out in the operating agreement of the limited liability company."[3]

The Debtors' Articles of Organization state:

"Right to Continuation of Business. All the remaining members of the limited liability company, if any, may elect to continue the business of the limited liability company on the death, retirement, resignation, expulsion, bankruptcy, dissolution of a member or occurrence of any other event which terminates the continued membership of a member in the limited liability company, pursuant to the terms of the operating agreement."

Debtor's Operating Agreement states:

"Upon the death or bankruptcy of Tilden, or occurrence of any other event which terminates the continued membership of Tilden as a member of the LLC, the personal representative of Tilden's estate or other legal representative shall have the right to continue the business of the LLC."

---

[2] Wyo. Stat. §17-15-123 (2009).

[3] Wyo. Stat. § 17-15-107 (2009).

In a Chapter 11 bankruptcy, a "debtor in possession" means debtor.[4] The debtor in possession has all the rights and powers of a trustee and shall perform the duties of a trustee serving in a case.[5] The trustee may operate the debtor's business.[6]

In the case before the Court, the Debtor's Articles of Organization set forth the right of remaining member to continue the business upon a bankruptcy pursuant to the terms of the Operating Agreement. The Operating Agreement states that the "other legal representative" shall have the right to continue the LLC's business upon bankruptcy of its member. The debtor in possession is the representative of the bankruptcy estate in a Chapter 11 and has the right and power to perform the duties of the trustee, including operating the business. The Debtor's Articles of Organization established the procedure through the Operating Agreement for the Debtor to continue the operation of the business upon the sole member filing for bankruptcy protection. Therefore, cause to dismiss or convert has not been established under Wyoming law.

THEREFORE IT IS ORDERED that Pinnacle Bank's Motion to Dismiss Case is denied.

DATED this 23 day of June, 2010.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Stubson
Winship

---

[4] 11 U.S.C. § 1101.

[5] 11 U.S.C. § 1107.

[6] 11 U.S.C. § 1108.

Page 4