Stephen R. Winship
(Wyoming State Bar No. 5-2093)
Winship & Winship, P.C.
100 North Center, Sixth Floor
P.O. Box 548
Casper, WY 82602

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| THE COLUMBINE GROUP, LLC, ) | Case No. 10-20133 |
| ) | CHAPTER 11 |
| Debtor. ) | |

## CHAPTER 11 PLAN OF REORGANIZATION

The Debtor, The Columbine Group, LLC, (hereinafter "Columbine"), respectfully submits this Plan of Reorganization in good faith and by means not forbidden by law.

## ARTICLE ONE-DEFINITIONS

"*Administrative Expense*" means a claim allowed pursuant to 11 U.S.C. §§503(b) and 507(a)(1).

"Allowed unsecured claim" means a claim held by a creditor that:
(i)   has timely filed a claim with the court that has not been objected to or has been allowed by the court following an objection.

(ii)   is listed on the debtor's bankruptcy schedules and not designated as disputed, contingent, or unliquidated [See 11 U.S.C. §1111(A)].

"Bankruptcy Court" or "court" means the United States Bankruptcy Court for the District of Wyoming.

The "debtor" or "Columbine" means the debtor and the plan proponent herein.

"*Effective date*" means 40 days after the date that the order confirming the plan is final and non-appealable.

"*Plan*" means the "Chapter 11 Plan of Reorganization" filed by the debtor with this court.

**ARTICLE TWO--CLASSIFICATION AND TREATMENT OF CLAIMS**

*Class One-Pinnacle Bank.* This creditor claims a lien on debtor's hotel property, equipment, inventory and accounts receivables. The plan proposed to pay this creditor the allowed amount of its secured claim or $2,878,248.00[1]. This claim will be paid by extending the parties' adequate protection agreement payments through May, 2011[2], and the balance of the allowed amount of the secured claim then will be paid at 3½ % interest (the contract rate) based on a 30 year amortization with a balloon payment on the remaining balance due on the 120th month from the effective date of the Plan. The monthly payment anticipated to begin on May 1, 2011 is $12,924.52. The remaining amount of Pinnacle Bank's claim will be treated in Class 3.

*Class Two-Small Business Administration.* This Claim is treated in Class three below. This creditor is impaired.

*Class Three-Unsecured Claims.* The debtor owes its undisputed, non-insider unsecured creditors approximately $3,078,361.00[3]. This class will be paid annually on a pro-rata basis from the sum of $30,000.00 on August 30th of each year commencing 2012 and ending 2022. This will result in a pro-rata dividend of approximately 10% on the undisputed amounts.

*Class Four-Equity Security Holder.* The only equity security holder is Samuel Tilden. This class will retain his ownership interest.

**ARTICLE THREE--ADMINISTRATIVE EXPENSES-NON CLASSIFIED CLAIMS**

*Administrative Claims.* The only known administrative claimants consist of the

---

[1] This amount may have to be adjusted to reflect adequate protection payments applied to the principal obligation.
[2] The adequate protection agreement provides in relevant part that Columbine will pay Pinnacle $5,000.00 for the months of November, 2010 through April, 2010.
[3] Approximately $634,059.00 of this amount represents duplicate claims filed in Tilden's parallel case.

2

estate attorney, Stephen R. Winship, and the US Trustee for its quarterly fees. Mr. Winship was paid a $10,000.00 pre-petition retainer, and the $1,039.00 filing fee. Counsel estimates that his post-petition fees and expenses will total $2,500.00. The debtor is current on the payment of quarterly fees to the United States Trustee and will pay all fees required by law.

### ARTICLE FOUR—EXECUTORY CONTRACTS

Columbine is the owner of the hotel property leased and operated by Hospitality Management, Inc. The parties' lease arrangement has been on a month-to-month type tenancy, which arrangement will continue and be assumed. The franchise agreement with AmericInn International, LLC, as modified in this bankruptcy case, will be assumed.

### ARTICLE FIVE—EXECUTION AND IMPLEMENTATION OF THE PLAN

The funds necessary for the implementation of the plan shall be generated primarily from business income. The debtor will be the disbursing agent and shall be responsible for all obligations under the plan. The creditors agree to execute all ordinary and necessary documents connected with the effectuation of the plan.

Any objections to claims shall be filed by the reorganized debtor or any other party no later than 60 days from the effective date of the plan.

The claims will be reduced to the extent they are paid by the Samuel J. Tilden bankruptcy estate or any other party.

### ARTICLE SIX –POSTCONFIRMATION MODIFICATION-DEFAULT

The reorganized debtor may convert to Chapter 7 if the debtor determines that the need for continued liquidation under Chapter 11 is no longer beneficial for the creditors.

Prior to taking action to repossess collateral or collect a claim from the reorganized debtor in any manner, a creditor treated under the plan must send a written

notice to the reorganized debtor 15 days prior to taking action. The debtor shall have a 15 day cure period from the receipt of the written notice of default.

## ARTICLE SEVEN-JURISDICTION OF THE COURT

Following confirmation the bankruptcy court shall retain jurisdiction to:

1. Hear any dispute concerning the plan or claims arising under the plan.

2. To enter orders necessary or appropriate to carry out the provisions of the plan, including the curing of a defect, omission, or inconsistency in the plan necessary to carry out the overall intent of the plan.

3. To adjudicate claim objections.

4. To adjudicate a claim arising from the rejection of an executory contract.

5. To hear and determine all fee applications for professionals retained by the estate.

6. To enforce orders previously entered by the court.

7. To modify the plan as permitted by law.

**DATED** this _1st_ day of November, 2010.

THE COLUMBINE GROUP, LLC

By: _[signature]_
Samuel Tilden, Managing Member

By: _[signature]_
Stephen R. Winship
Columbine's Counsel

4