Daniel J. Morse, *Admitted Pro Hac Vice* (NY Bar # 4447371)
Assistant United States Trustee, District of Wyoming
CHARLES F. MCVAY
UNITED STATES TRUSTEE
REGION 19
308 West 21st Street, Room 203
Cheyenne, WY 82001
(307) 772-2793

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| The Columbine Group, LLC, ) | Case No. 10-20133 |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

### OBJECTION OF THE UNITED STATES TRUSTEE
### TO DEBTOR'S DISCLOSURE STATEMENT

Charles F. McVay, the United States Trustee for Region 19 (the "**United States Trustee**"), through counsel, files the following objection (the "**Objection**") to the Disclosure Statement (the "**Disclosure Statement**") and the Chapter 11 Plan of Reorganization (the "**Plan**") of The Columbine Group, LLC (the "**Debtor**"). In support of the objection, the United States Trustee respectfully represents and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On February 16, 2010, Debtor filed a voluntary petition in this Court for relief under

chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the **"Bankruptcy Code"**).

5. The United States Trustee has not appointed a trustee, an examiner or an unsecured creditors committee in Debtor's case.

6. Pursuant to §§ 1107 and 1108, Debtor continues to operate its business and manage its affairs as a "debtor-in-possession."

7. Debtor filed the Disclosure Statement and Plan on November 1, 2010.

8. Pursuant to 28 U.S.C. § 586(a)(19), the United States Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the United States Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

9. Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on the issues raised by this Objection.

## OBJECTION

### The Disclosure Statement Should be Denied
### Because the Disclosure Statement Lacks Adequate Information

10. The Disclosure Statement must be denied because it fails to provide the quantity and quality of information required by 11 U.S.C. § 1125 given the facts and circumstances of this

bankruptcy proceeding. Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" in general terms to mean:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

11. Congress left vague the standard for evaluating what constitutes adequate information so as to permit a case-by-case determination based on the prevailing facts and circumstances. *In re Cardinal Congregate I*, 121 B.R. 760, 764 (S.D. Ohio 1990) (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 225, 409 (1977); S.Rep. No. 989, 95th Cong. 2d Sess. 121 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787). While providing for judicial flexibility, Congress intended that courts should consider as part of their determination the cost of preparing a more detailed disclosure statement, the nature and history of the debtor, the condition of the debtor's records, the need for expediency in the solicitation and confirmation process, and the necessity for protection of the reorganization constituencies. *Id.* (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. at 409). Where the proffered disclosure statement is lacking in meaningful, necessary, and critical information, it must be disapproved as failing to meet even the minimal requirements of 11 U.S.C. § 1125. *In re Microwave Prods. of Am., Inc.*, 100 B.R. 376, 378 (W.D. Tenn. 1989).

12. In this case, there are numerous bases for a determination that the Disclosure Statement is lacking in meaningful, necessary, and critical information, given the facts and circumstances of this bankruptcy proceeding and, therefore, must be disapproved as failing to meet the minimal requirements of 11 U.S.C. § 1125.

13. First, the Disclosure Statement specifically notes that "the funds necessary for the plan payments will be made *primarily* from income generated by the hotel business." *See* Disclosure Statement (Doc. # 63, p. 4) (emphasis added). This phrase suggests that there are other sources of revenue that will be used to fund the Plan. However, the Disclosure Statement makes no mention of such sources of revenue.

14. Second, the Disclosure Statement provides that "the day-to-day hotel operations are managed by Hospitality Management, Inc. (also owned 100% by [Debtor's sole member]), which *leases* the hotel property from [Debtor]." *See id.* at p. 2 (emphasis added). The Disclosure Statement further provides that "[Debtor] will also assume its lease with Hospitality Management, Inc." *See id.* at p. 7. Given that Debtor's primary, and perhaps sole, source of revenue is from a lease agreement with Hospitality Management, Inc., Debtor should provide a detailed description of such lease agreement and attach said agreement as an exhibit to the Disclosure Statement. Debtor should further explain the financial ramifications of assuming such lease agreement on Debtor's projections, including any claims against the estate that may arise as a result of the assumption of the lease agreement under § 365 of the Bankruptcy Code. The Disclosure Statement is simply lacking any of these details.

15. Third, the Disclosure Statement provides that Debtor "has experienced a sales increase that is projected to be 20% above 2009 figures." *See* Disclosure Statement (Doc. # 63, p. 3). Yet, without a description of the lease agreement between Debtor and Hospitality Management, Inc. there is no way for creditors to know whether Debtor's foregoing statement will have, or had, any impact on the revenue projections set forth in the Disclosure Statement.

16. Fourth, the Disclosure Statement indicates that the Plan's success will depend entirely

on income generated by the hotel business through Hospitality Management, Inc. Under such circumstances, a detailed discussion of the financial wherewithal of Hospitality Management, Inc. and submission of its financials as an exhibit to the Disclosure Statement are warranted.

17. Fifth, Exhibit C of the Disclosure Statement provides "a projection of income and expenses," *see* Disclosure Statement (Doc. # 63, p. 4), without specifying the length of the projection period, *see* Exhibit C. Further, Exhibit C lacks any detail regarding Debtor's projected revenue stream, other than to make a provision for "Gross Income." *See id.* Moreover, and more importantly, Exhibit C does not make any reference to the expense associated with servicing Pinnacle Bank's secured claim, a payment in excess of $12,924.52 with such payment beginning on May 1, 2011.

18. With respect to Debtor's financial information, the United States Trustee believes that under these circumstances, Debtor should be required to provide in the Disclosure Statement not only historical financial information with respect to each component of Debtor's operations (if more than one) but also detailed financial projections with respect to such operations so as to enable creditors to determine whether the Plan is feasible. Specifically, the Disclosure Statement should include a detailed Balance Sheet and Income Statement covering Debtor's operations for the year immediately preceding the petition date (*i.e.*, as of December 31, 2009) as well as a financial summary of Debtor's operations for each month subsequent to the petition date through the month preceding filing of the Disclosure Statement. The summary should be in a financial statement format that allows comparison to the projected financial information. Finally, Debtor should also revise Exhibit C to fully set forth details regarding each source of revenue as well as projected expenses in a similar format to the foregoing requested historical information. This projected financial information should also include any significant assumptions that relate to each category that

are embodied in such projections.

19. Finally, given that Debtor's future revenue and expenses are associated primarily with the assumption of Debtor's two (2) principle executory contracts, the Disclosure Statement should provide an adequate description of not only the Hospitality Management, Inc. lease agreement, as requested above, but also the AmericInn International, LLC franchise agreement and the financial ramifications of Debtor having assumed such agreement. *See* Motion to Assume Franchise Agreement (Doc. # 38) and Order (Doc. # 44). For instance, the Disclosure Statement notes that the negotiated amendment to the AmericInn International, LLC franchise agreement "significantly" lowered the "pre-petition franchise fee arrearage that had accumulated," *see* Disclosure Statement (Doc. # 63, p. 3), yet it is unclear from Exhibit C whether such arrearage has been accounted for in the expense projections, *see* Exhibit C. For all of the foregoing reasons, the Disclosure Statement must be denied.

## NOTICE

20. Notice of this Objection has been provided to Debtor and counsel for Debtor.

(Remainder of page intentionally left blank)

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court not approve the Disclosure Statement in its present form, and grant such other and further relief as the Court may deem just and proper.

Dated: December 13, 2010.

                              Respectfully submitted,

                              CHARLES F. MCVAY
                              UNITED STATES TRUSTEE
                              REGION 19

                              */s/ Daniel J. Morse*
                              By: Daniel J. Morse, *Admitted Pro Hac Vice*
                              Assistant U.S. Trustee, District of Wyoming
                              308 West 21st Street, Room 203
                              Cheyenne, WY 82001
                              Direct Line: 307-772-2793
                              Fax: 307-772-2795

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S DISCLOSURE STATEMENT was mailed, postage prepaid, this 13th day of December, 2010, to the following:

**Stephen R. Winship**
Winship & Winship, PC
P. O. Box 548
Casper, WY 82602

**The Columbine Group, LLC**
PO Box 1148
Cody, WY 82414

By: Daniel J. Morse
Assistant U.S. Trustee, District of Wyoming